**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DANIELLE RENE KOBROCK**                              **CIVIL ACTION**

**VERSUS**                                             **NUMBER: 23-256**

**SOCIAL SECURITY ADMINISTRATION**                     **SECTION: "R" (5)**

## ORDER

Before the Court is a Motion for Attorney's Fees (rec. doc. 22) filed by Plaintiff, Danielle Rene Kobrock, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is unopposed. (Rec. doc. 24). Having reviewed the pleadings and the case law, the Court rules as follows.

**I.      The EAJA and Number of Hours Claimed**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party – like Plaintiff here – who obtains a remand of a social security appeal pursuant to the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). Plaintiff asks this Court for an award of $8,326.28 in attorney's fees under the EAJA for 33.7 attorney hours at a rate of $233.94 per hour and 5.9 paralegal hours at a rate of $75.00 per

hour.  In response, Defendant states that it does not object to an award of fees for the total number of hours expended by Plaintiff's counsel.

The Court has reviewed the number of hours claimed and finds them reasonable. Indeed, much of the time expended has been excised.  In addition, courts in this District often find that over 30 hours expended on a Social Security lawsuit are appropriate.  *See, e.g., Green v. Soc. Sec. Admin.*, No. 21-1362, 2022 WL 3643025, at *2 (E.D. La. Aug. 5, 2022), *report and recommendation adopted*, 2022 WL 3594637 (E.D. La. Aug. 23, 2022) (finding 31.2 hours reasonable); *Saucier v. Kijakazi*, No. 20-2373, 2022 WL 2132281, at *1 (E.D. La. June 14, 2022) (finding 35 hours reasonable); *Wiggington v. Soc. Sec. Admin.*, No. CV 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (finding 33 hours reasonable); *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No. 18-6674, 2019 WL 3948011, at *2 (E.D. La. July 30, 2019), *report and recommendation adopted*, 2019 WL 3946139 (E.D. La. Aug. 21, 2019) (finding 39.8 hours reasonable).  Accordingly, the Court will approve the expenditure of a total of 39.6 hours of work performed on behalf of Plaintiff.

## II.    Hourly Rate

In her motion, Plaintiff seeks to recover fees at an hourly rate of $233.94 for her counsel and $75.00 per hour for a paralegal.  For the following reasons, the Court finds that such hourly rates are appropriate under the EAJA in this District.  Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted).  When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap. *Baker*, 839 F.2d at 1084.  The rate need not precisely track the cost-of-living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id.*  The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).  Therefore, EAJA fees must be adjusted yearly.  To do otherwise would "in effect award interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1076-77.

Recent case law reflects that federal courts in this District routinely apply the cost-of-living adjustment to the 1996 base rate of $125.00 per hour. *Vanacor v. Kijakazi*, No. CV 22-1325, 2023 WL 6975886, at *2 (E.D. La. Sept. 18, 2023), *report and recommendation adopted*, 2023 WL 8775482 (E.D. La. Dec. 19, 2023) (awarding an hourly rate of $220.00 for work performed in 2022); *Woods v. Kijakazi*, No. CV 20-3423, 2022 WL 3336446, at *2 (E.D. La. May 18, 2022) (awarding $196.35 per hour for work done in 2020, $206.70 for work done in 2021, and $220.14 for work done in 2022); *Carpenter v. Kijakazi*, Civ. A. No. 21-328, 2022 WL 16961122, at *1 (E.D. La. Nov. 16, 2022) (awarding $206.70 for work performed in 2021 and $220.66 for work performed in 2022); *Wiggington*, 2021 WL 3852293, at *3 (awarding $205.84 per hour for work performed in 2020).

According to the Court's calculation, the cost of living in this area increased approximately 87.2 percent between 1996, when Congress implemented the $125.00 cap, and 2023, the year during which the instant services were rendered. *See, e.g., Thibodeaux v. Astrue*, 914 F. Supp. 2d. 789, 793 & n.4 (E.D. La. 2012) (calculating cost-of-living increase between 2011 and 1996); *Richards v. Astrue*, Civ. A. No. 07-1020, 2008 WL 4544374 (W.D. La. Oct. 7, 2008) (noting that that the Consumer Price Index ("CPI") increased by 34.89 percent through December 2007).[1] This change is not insignificant. Increasing the $125.00 statutory cap by 87.2 percent would result in an hourly rate of $234.00. Thus, the CPI adjusted rate range of $234.00 contemplates the maximum rate that could be awarded today. *Baker*, 839 F.2d at 1084 (holding that increased rate may never exceed the percentage by which the market rate increased since statute enacted). After due consideration of prevailing market conditions, the community of social security practitioners in this area, and the most recent case law from this District, the Court finds that the rate requested by Plaintiff – $233.94 per hour for counsel and $75.00 per hour for a paralegal – is reasonable.[2]

---

[1] In *Zamora v. Astrue* (and other cases), the court calculated the cost-of-living adjustment by comparing the CPI for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for the period when the services were rendered. Civ. A. No. C–08–187, 2009 WL 311312 *6, n.1 (S.D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for the South from the then-current CPI for the South and divided the difference by the March 1996 CPI for the South. *Id.*

   In this suit, the CPI for the South Urban Area B/C in March 1996 was 100. The CPI for the South Urban Area B/C in 2023 – the year in which the services were rendered here – was 187.155. Accordingly, this reflects an increase of 87.6% (187.155–100/100).

[2] $75.00 per hour is the standard and undisputed rate per hour for a paralegal in this District. *Carpenter v. Kijakazi*, Civ. A. No. 21-328, 2022 WL 16961122, at *1 (E.D. La. Nov. 16, 2022).

### III. To Whom Defendant Shall Remit the Award

Because Plaintiff executed an assignment of the EAJA fees to her counsel, Plaintiff asks that Defendant remit the award directly to counsel. In *Astrue v. Ratliff*, the United States Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to the United States. 560 U.S. 586, 589 (2010). There, the Supreme Court held that the term "prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney. *Id.* at 591-92. As Justice Sotomayor explained in her concurring opinion, "[t]he EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Id.* at 599 (Sotomayor, J., concurring). The Court will therefore remit the award directly to Plaintiff, rather than her counsel. *Wigginton*, 2021 WL 3852293, at *3.[3]

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Attorney's Fees (rec. doc. 22) is **GRANTED**, in that Defendant is ordered to pay attorney's fees to Plaintiff, Danielle Rene Kobrock, in the amount of $8,326.28.

---

[3] Plaintiff states that "[i]f Plaintiff has no debt registered with the Department of Treasury subject to offset that fees be made payable to the attorney." (Rec. doc. 3-3 at 3). However, the conditional "if" does not prove that Plaintiff has no debt to the United States Treasury so this Court cannot definitively state that Plaintiff has no debt. Without such categorical proof, this Court must follow the directive of the Supreme Court in *Ratliff*.

New Orleans, Louisiana, this \_\_\_\_ 25th day of _____ March _____, 2024.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**